In the Matter of DU BARRY CATERERS, INC., Respondent, against GEORGE P. MONAGHAN, as Police Commissioner of the City of New York, Appellant.

First Department, February 26, 1952.

*Henry J. Shields* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for appellant.

*Harry A. Roth* for respondent.

SHIENTAG, J. The appeal is from an order of the Supreme Court annulling the action of the police commissioner of the city of New York which denied the petitioner's application for a renewal of two cabaret licenses. Those licenses had hitherto been revoked by the police commissioner on the ground that an immoral show was conducted in the licensed premises on March 19, 1951. By a sharply divided court we set aside that determination, holding that the evidence was insufficient to establish that the manager or representative of the licensee, who was in charge of the premises on the date in question, had knowledge of the nature of the show to be given, which was grossly indecent. (*Matter of Du Barry Caterers* v. *Berkery,* 278 App. Div. 376.)

Since that decision the representative of the licensee was convicted in the Court of Special Sessions on the charge of knowing of and permitting an indecent and immoral performance in the licensed premises on March 19, 1951. He was convicted on the testimony of a member of the lodge, under whose auspices the

performance was given, who swore that on the night of the show the manager of the licensee " came over and he said, ' I know you're running a stag and keep it quiet and see me after the affair ' ". The manager, the defendant in the Court of Special Sessions, failed to testify in his own behalf.

The hearing before the police commissioner on the application for renewal differed in this material respect from that before us in the prior proceedings relating to the revocation of the licenses. It is true that at the renewal hearing before the police commissioner the lodge member who gave the testimony quoted, in the Court of Special Sessions, in effect recanted the testimony there given, but the police commissioner acted entirely within his rights in refusing to accept the retraction and the purported explanation thereof.

The granting and renewal of cabaret licenses rests in the discretion of the police commissioner. With the wisdom of his determination the courts can have no concern. It is only when he acts arbitrarily, unreasonably, without substantial evidence to support his determination, that the courts will intervene. There is no basis for such judicial intervention on the record now before us. The action of the police commissioner in refusing the renewal was not arbitrary or unreasonable and should be sustained.

The order appealed from annulling the determination of the police commissioner in refusing the renewal of the petitioner's cabaret licenses should be reversed, with $20 costs and disbursements to the appellant, the determination confirmed and the proceeding to review it dismissed. Settle order.

Peck, P. J., Dore, Cohn and Bergan, JJ., concur.

Order annulling the determination of the police commissioner unanimously reversed, with $20 costs and disbursements to the appellant, the determination confirmed and the proceeding to review it dismissed. Settle order on notice.